**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey J. HYDE, Defendant–Appellant.**

**No. 10–3450.**

United States Court of Appeals,
Seventh Circuit.

Aug. 17, 2012.

Michael D. McCoy, Office of the United States Attorney, Rock Island, IL, for Plaintiff–Appellee.

George F. Taseff, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before ILANA DIAMOND ROVNER, Circuit Judge, DIANE P. WOOD, Circuit Judge, TERENCE T. EVANS, Circuit Judge.*

**ORDER**

A jury convicted appellant Jeffrey J. Hyde of possessing with the intent to distribute five grams or more of crack cocaine, *see* 21 U.S.C. § 841(a)(1), and he was sentenced to a prison term of 120 months, the statutory minimum term re-

---

The case is now being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

quired at the time Hyde committed the offense, *see* § 841(b)(1)(B)(iii) (2009). The district court rejected Hyde's contention that he should be sentenced pursuant to the Fair Sentencing Act of 2010, 124 Stat. 2372 ("FSA"), which reduced the penalties for offenses involving crack cocaine and which took effect prior to his sentencing.

Hyde appealed his sentence, but in our order of June 13, 2011, we summarily affirmed the sentence in light of our decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir.2011), which held that the FSA applied only prospectively to conduct occurring after the statute's enactment.

In *Dorsey v. United States*, —— U.S. ——, ——, 132 S.Ct. 2321, 2335, 183 L.Ed.2d 250 (2012), the Supreme Court disagreed with our holding in *Fisher* and "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Subsequently, the Supreme Court granted Hyde's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for reconsideration in light of its decision in *Dorsey*. *Hyde v. United States*, —— U.S ——, —— S.Ct. ——, —— L.Ed.2d ——, 2012 WL 2470066 (2012).

The parties have filed a joint Circuit Rule 54 statement reflecting their agreement that, in view of *Dorsey,* the district court committed procedural error at Hyde's sentencing and that the error was not harmless. We agree, and we therefore **VACATE** Hyde's sentence and **REMAND** for resentencing.